IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| PAUL BRUNHAMMER, | § | |
| | § | No. 384, 2016 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court of the |
| | § | State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1006015080 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: December 20, 2016
Decided: March 13, 2017

Before **STRINE**, Chief Justice; **HOLLAND** and **VALIHURA**, Justices.

## ORDER

This 13th day of March 2017, upon consideration of the appellant's brief under Supreme Court Rule 26(c), his attorney's motion to withdraw, and the State's response, it appears to the Court that:

(1) In October 2010, Paul Brunhammer was indicted for two counts of Rape in the Second Degree and one count of Sexual Solicitation of a Child. At the time of his indictment, Brunhammer was incarcerated in the State of New Jersey, serving a seven-year sentence imposed in September 2010.

(2) In August 2015, while still serving the New Jersey sentence, Brunhammer moved to dismiss the indictment on the grounds that the State's delay in lodging the detainer against him was a denial of his right to a speedy trial. By

order dated December 7, 2015, the Superior Court denied Brunhammer's motion to dismiss. Brunhammer appealed the Superior Court's decision to this Court. His appeal was dismissed as an impermissible interlocutory appeal in a criminal case.[1]

(3)   On January 20, 2016, the end of the incarcerative portion of his New Jersey sentence, Brunhammer was returned to Delaware to face the charges in the 2010 indictment. Upon his return, Brunhammer was appointed defense counsel and pleaded not guilty to the charges in the indictment. During pretrial proceedings, the Superior Court twice granted requests to continue the trial to give Brunhammer and his counsel more time to review discovery.

(4)   At his final case review on May 2, 2016, Brunhammer pled guilty to Rape in the Third Degree, a lesser-included offense of Rape in the Second Degree. In exchange for Brunhammer's plea, the State agreed to enter a *nolle prosequi* on the other counts in the indictment and to recommend a sentence of no more than ten years of incarceration. On July 15, 2016, the Superior Court sentenced Brunhammer to ten years of unsuspended Level V incarceration followed by two years of Level III probation. This is Brunhammer's direct appeal.

(5)   On appeal, Brunhammer's appellate counsel has filed a no-merit brief and a motion to withdraw under Supreme Court Rule 26(c).[2] Counsel asserts that,

---

[1] *Brunhammer v. State*, 2016 WL 611822 (Del. Feb. 12, 2016).
[2] Brunhammer was represented by a different counsel in the Superior Court.

2

based upon a complete and careful examination of the record, there are no arguably appealable issues. Counsel provided Brunhammer with a copy of the motion to withdraw and the no-merit brief in draft form and advised Brunhammer that he could submit written points for the Court's consideration. Brunhammer's written points are included in the brief filed with the Court. The State has filed a response to Brunhammer's points and has moved to affirm the Superior Court's judgment.

(6) When reviewing a motion to withdraw and brief under Rule 26(c), the Court must be satisfied that the appellant's counsel has made a conscientious examination of the record and the law for arguable claims.[3] Also, the Court must conduct its own review of the record and determine whether "the appeal is indeed so frivolous that it may be decided without an adversary presentation."[4] In this case, having conducted "a full examination of all the proceedings" and found "no nonfrivolous issue for appeal,"[5] we are satisfied that Counsel made a conscientious effort to examine the record and the law and properly determined that Brunhammer could not raise a meritorious claim on appeal.

(7) On appeal, Brunhammer does not challenge the validity of his guilty plea. Rather, Brunhammer asks this Court to dismiss his indictment and vacate his

---

[3] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).
[4] *Penson v. Ohio*, 488 U.S. at indica82.
[5] *Id.* at 80.

3

sentence on the grounds that the State's delay in filing the detainer led to a denial of his right to a speedy trial. In related claims, Brunhammer contends that the delay in filing the detainer was due to prosecutorial misconduct and that his defense counsel was ineffective.

(8) It is well-settled that a knowing, intelligent, and voluntary guilty plea waives a defendant's right to challenge any errors occurring before the entry of the plea, "even those of constitutional dimension."[6] Therefore, in this case, with the exception of the ineffective assistance of counsel claim that we decline to consider for the first time on appeal,[7] the disposition of Brunhammer's claims hinges on a determination of whether he entered his guilty plea knowingly, intelligently, and voluntarily.

(9) The record reflects that on the Truth-in-Sentencing Guilty Plea Form signed by Brunhammer and presented to the Superior Court, Brunhammer checked "yes" to the question: "Do you understand that because you are pleading guilty you will not have a trial, and you therefore waive (give up) your constitutional rights . . . (3) to a speedy and public trial by jury[?]" Also, the transcript of the judge's colloquy with Brunhammer reflects this exchange:

---

[6] *Smith v. State*, 2004 WL 120530, at *1 (Del. Jan. 15, 2004) (citing *Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973) (reaffirming the principle that "a guilty plea represents a break in the chain of events which has preceded it in the criminal process."))).
[7] *Desmond v. State*, 654 A.2d 821, 829 (Del. 1994).

4

THE COURT: By pleading guilty, you waive certain rights that are contained on the document called the Truth in Sentencing Guilty Plea Form, which appears to be in front of you. Is that your signature on the form?

THE DEFENDANT: That is my signature, yes.

THE COURT: And are the responses that you have given on the document true and correct?

THE DEFENDANT: Yes, they are, to the best of my understanding.

THE COURT: At the top of the form listed 1 through 7 there is a series of rights that you will be waiving by entering the plea since there will be no trial. Did you understand those rights?

THE DEFENDANT: Yes. They were right to me.

THE COURT: And did you understand them, sir?

THE DEFENDANT: Yes, I did.[8]

Brunhammer also told the judge that he understood the charge against him and the penalty he faced, that he was pleading guilty because he was, in fact, guilty of the charge, that no one was forcing him to plead guilty, and that he was satisfied with his defense counsel's representation.

(10) Under the circumstances reflected in the record, it is clear Brunhammer entered into the plea with full knowledge of the rights he was waiving as a result of pleading guilty to one count of third degree rape, including the right to a speedy trial. We conclude that Brunhammer's claims on appeal are foreclosed by his voluntary guilty plea.

---

[8] Hr'g Tr. at 9-10 (May 2, 2016).

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

_____
Justice